ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL ESPECIAL**

| | | |
|---|---|---|
| **DEPARTAMENTO DE LA FAMILIA (DF)**<br>RECURRIDA(S)<br><br>V.<br><br>**LISSETTE MAESTRE CRUZ**<br>RECURRENTE(S) | **KLRA202400368** | ***Revisión de Decisión Administrativa*** acogida como ***Apelación*** procedente del Departamento de la Familia<br><br>Caso Núm.:<br>**D MM2001-0257**<br><br>Sobre:<br>Maltrato de Menores |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón.

## S E N T E N C I A

En San Juan, Puerto Rico, hoy día 22 de agosto de 2024.

Comparece ante este Tribunal de Apelaciones, la señora **LISSETTE MAESTRE CRUZ** (señora **MAESTRE CRUZ**) mediante una *Revisión de Decisión Administrativa* interpuesta el 9 de julio de 2024. En su recurso, nos solicita que revisemos una determinación sobre la entrega de la custodia legal de su hijo menor de edad J.G.R.M. a los señores Mayra Carrasquillo Torres y Roberto Rivera Meléndez recomendada por el **DEPARTAMENTO DE LA FAMILIA (DF);** y una solicitud de relaciones filiales.

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

– I –

El 9 de julio de 2024, la señora **MAESTRE CRUZ** incoó un *Recurso de Revisión Administrativa* en la cual, entre otras cosas, expresó: "fui privada de […] del menor Joshua cuando apenas tenía 2 años de edad". Su escrito está acompañado de: (i) *Certificación Electrónica* (Información al Trabajador sobre Reclamación de Seguro por Desempleo) emitida el 28 de junio de 2024 por el Departamento del Trabajo y Recursos Humanos; (ii) misiva suscrita el

28 de junio de 2024 por la señora **Maestre Cruz;** (iii) *Certificación Médica* del Departamento de Salud fechada 7 de noviembre de 2019; (iv) Hoja *Texto del Evento* de la Administración para el Sustento de Menores (ASUMe) de 6 de julio de 2001; (v) *Prueba de Paternidad (No Exclusión): DNA* datada de 14 de junio de 2000; (vi) *Certificación de Nacimiento* de J.G.R.M.; y (vii) *Certificación de Nacimiento* de S.N.R.M..

El 16 de julio de 2024, pronunciamos *Resolución* en la cual se le requirió presentar y/o suministrar "**copia fiel y exacta** del(de los) siguiente(s) documento(s): la determinación administrativa emitida por el **Departamento de la Familia** de la cual recurre ante este Tribunal de Apelaciones; acreditación de la notificación de la resolución así como cualquier otro documento concerniente a su reclamación dentro del plazo perentorio de **veinte (20) días**, a partir de la fecha de notificación de este dictamen judicial, so pena de desestimar el recurso". El 9 de agosto de 2024, la señora **Maestre Cruz** presentó *Moción* alegando, entre otras cosas, que no pudo asistir a la graduación de cuarto año de su hijo J.G.R.M.; no estar de acuerdo con la recomendación sobre custodia legal del **Departamento de la Familia;** querer recuperar a sus hijos; y su hijo J.G.R.M. se fue al Army. La misma tiene anejada: (i) *Notificación* de 21 de marzo de 2012; (ii) *Moción* firmada el 6 de marzo de 2012; (iii) *Certificación* fechada 2 de febrero de 2016 de la Administración de Familia y Niños; (iv) Resolución dictada el 3 de junio de 2009; (v) *Prueba de Paternidad (No Exclusión): DNA* con fecha de 14 de junio de 2000; y (vi) *Certificación de Nacimiento* de G.N.M.

A tenor con la Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, este Foro puede "prescindir de términos no jurisdiccionales, específicos," escritos, notificaciones o procedimientos adicionales, "con el propósito de lograr su más justo y eficiente despacho...". Ante ello, prescindimos de la comparecencia del **Departamento de la Familia**. Evaluado concienzudamente el expediente del caso, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho

pertinentes a la(s) controversia(s) planteada(s).

– II –

- A - *Jurisdicción*

La *jurisdicción* es el poder o autoridad con el que cuenta un tribunal para considerar y decidir los casos y controversias ante su consideración.[1] En consecuencia, la falta de *jurisdicción* de un tribunal incide directamente sobre su poder para adjudicar una polémica.[2]

Los tribunales deben ser celosos guardianes de su *jurisdicción*.[3] Aun en ausencia de un señalamiento por alguna de las partes, la falta de *jurisdicción* puede ser considerada *motu proprio* por los tribunales. Las cuestiones de *jurisdicción* por ser privilegiadas deben ser resueltas con preferencia. Si un tribunal se percata que carece de *jurisdicción*, así tiene que declararlo y desestimar el caso.[4]

La ausencia de *jurisdicción*, por tanto, acarrea las siguientes consecuencias: priva a un foro judicial del poder necesario para adjudicar una controversia; los tribunales no poseen discreción para asumirla cuando no la tienen; no es susceptible de ser subsanada; las partes no pueden conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; conlleva la nulidad de los dictámenes emitidos; se impone a los tribunales el ineludible deber de auscultar su propia *jurisdicción* —y a los tribunales apelativos la obligación de examinar la *jurisdicción* del foro de donde procede el recurso—; las cuestiones jurisdiccionales deben ser resueltas con preferencia sobre otros asuntos, y su alegación puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*.[5]

---

[1] *FCPR v. ELA et al.*, 211 DPR 521 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 394 (2022).
[2] *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385 (2020).
[3] *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 267- 268 (2018).
[4] *FCPR v. ELA et al.*, supra; *Cobra Acquisitions v. Mun. Yabucoa et al.*, *supra*; *Allied Mgmt. Group v. Oriental Bank, supra*, págs. 386- 387.
[5] *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al., supra*, pág. 395; *Allied Mgmt. Group v. Oriental Bank, supra*, págs. 386- 387; *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101-102 (2020).

Por tratarse de una cuestión de umbral en todo procedimiento judicial, si un tribunal determina que carece de *jurisdicción* solo resta así declararlo y desestimar la reclamación inmediatamente, sin entrar en los méritos de la controversia, conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento del recurso en cuestión.[6]

Un recurso presentado antes del tiempo correspondiente (prematuro), al igual que el presentado luego del plazo aplicable (tardío), "*sencillamente adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre*".[7] En ambos casos, su presentación carece de eficacia y no produce ningún efecto jurídico.[8]

La doctrina jurídica de *justiciabilidad* limita la intervención de los tribunales a aquellos casos en que exista una controversia genuina surgida entre partes opuestas que tengan un interés real en obtener un remedio.[9] No se consideran controversias justiciables aquellas en que: 1) se procura resolver una cuestión política; 2) una de las partes carece de legitimación activa; 3) hechos posteriores al comienzo del pleito han tornado la controversia en académica; 4) las partes están tratando de obtener una opinión consultiva, o; (5) se intenta promover un pleito que no está maduro.[10]

La *academicidad* es una manifestación de la doctrina de *justiciabilidad*. Un caso es *académico* cuando se trata de obtener un fallo sobre una controversia disfrazada, que en realidad no existe, o una determinación de un derecho antes de que este haya sido reclamado o una sentencia sobre un asunto que, al dictarse, por alguna razón, no tendrá efectos prácticos sobre una controversia existente.[11]

La Regla 83 (C) del Reglamento del Tribunal de Apelaciones faculta a este Tribunal para que, a iniciativa propia, desestime un recurso de apelación

---

[6] *Allied Mgmt. Group v. Oriental Bank, supra; Torres Alvarado v. Madera Atiles,* 202 DPR 495, 501 (2019).
[7] *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873 (2007).
[8] *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 97 (2008); *S.L.G. Szendrey-Ramos v. F. Castillo, supra.*
[9] *Ramos, Méndez v. García García,* 203 DPR 379, 393-394 (2019).
[10] *Íd.*
[11] *Amador Roberts et als. v. ELA,* 191 DPR 268, 282 (2014).

o deniegue un auto discrecional por cualquiera de los motivos consignados en el inciso (B).[12] Una vez un tribunal determina que no tiene *jurisdicción*, "*procede la inmediata desestimación del recurso apelativo conforme lo ordenado por las leyes y los reglamentos para el perfeccionamiento de estos recursos*".[13] Ello sin entrar en los méritos de la controversia ante sí.

– III –

En este caso, hemos examinado detenidamente los documentos suministrados por la señora **MAESTRE CRUZ.**

La *Resolución* sobre la entrega de custodia legal fue decretada el 3 de junio de 2009 por el Tribunal de Primera Instancia, Sala Superior de Bayamón, dentro de un caso sobre maltrato de menores. Posteriormente, en marzo de 2012, la señora **MAESTRE CRUZ** presentó *Moción* en la cual reclamó derecho a ver su hijo con el fin de establecer relaciones materno filiales. Así las cosas, el 21 de marzo de 2012, el Tribunal de Primera Instancia dictaminó *Resolución* en la cual expresó: "La demandada debe hacer esta solicitud en un caso nuevo de relaciones materno filiales o custodia y emplazar a los custodios". Insatisfecha con estas decisiones, desconocemos si la señora **MAESTRE CRUZ** presentó alguna solicitud de reconsideración.

Empero, al revisar las *Certificaciones de Nacimiento* pudimos constatar que los hijos de la señora **MAESTRE CRUZ** son adultos. Actualmente, el joven J.G.R.M. tiene veinticinco (25) años de edad. Ante ello, la señora **MAESTRE CRUZ** carece de legitimación activa para acudir ante nos y solicitar remedio alguno sobre custodia y/o relaciones materno filiales para con su hijo J.G.R.M..

En conformidad con el marco jurídico antes enunciado, debemos colegir que su recurso fue presentado tardíamente. Este incumplimiento nos

---

[12] Dicho inciso lee: *"(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes: (1) que el Tribunal de Apelaciones carece de jurisdicción; (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello; (3) que no se ha presentado o proseguido con diligencia o de buena fe; (4) que el recurso es frívolo y surge claramente que ha sido interpuesto para demorar los procedimientos; o (5) que el recurso se ha convertido en académico".*

[13] *S.L.G. S zendrey-Ramos v. F. Castillo, supra.*

priva de *jurisdicción* para atender la(s) controversia(s) planteada(s). En consecuencia, procede la **desestimación** del recurso por falta de *jurisdicción*.

- **IV** -

Por los fundamentos antes expuestos y en conformidad con la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, **desestimamos,** por ausencia de *jurisdicción,* la *Revisión de Decisión Administrativa* instada el 9 de julio de 2024 por la señora **MAESTRE CRUZ**; y ordenamos el cierre y archivo del presente caso.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal, y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones